UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| JOHNNY MESSER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 19-093-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ANDREW SAUL, Commissioner of | ) | **MEMORANDUM OPINION** |
| Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Andrew Saul, Commissioner of Social Security ("the Commissioner"), has filed a motion to dismiss Plaintiff Jonny Messer's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [Record No. 12] The Commissioner argues that the Complaint seeking relief from the Social Security Administration's ("SSA") denial of benefits is untimely and does not benefit from tolling. Messer responds that the Commissioner is incorrect because the applicable limitations period was tolled by a series of putative class actions under relevant holdings of the Supreme Court in *American Pipe & Construction Co., Inc. v. Utah*, 414 U.S. 538 (1974), and *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983). [Record No. 17] Having considered the matter, the Court agrees with the Commissioner. As a result, Messer's Complaint will be dismissed with prejudice.

I.

This is another case stemming from the large-scale social security fraud scheme perpetrated by former-lawyer Eric C. Conn and his associates. Messer was one of Conn's client who initially applied for disability and disability insurance benefits under Titles II and

XVI of the Social Security Act. Then-SSA Administrative Law Judge ("ALJ") David Daugherty issued a fully favorable decision regarding the application on August 1, 2007.[1] [Record No. 12-2, pp. 7-14] But the SSA Appeals Council notified Messer on May 18, 2015, that the SSA Office of the Inspector General had found reason to believe that fraud was involved in Messer's application for benefits and informed the plaintiff that a redetermination proceeding was necessary. [*Id.* at pp. 16-21; *see also* 42 U.S.C. § 405(u)(1)(A)]

The Appeals Council remanded Messer's case on June 30, 2015, to an ALJ for a redetermination proceeding. [Record No. 12-2, pp. 22-26] Thereafter, an ALJ issued an unfavorable decision regarding Messer's application for benefits on March 22, 2016. [*Id.* at pp. 27-48] The Appeals Council initially denied Messer's request for review of the redetermination decision on June 10, 2016. [*Id.* at pp. 49-51] After setting aside this June 10 denial of review to consider additional information, the Appeals Council again denied Messer's request for review in a letter dated July 13, 2016. [*Id.* at pp. 53-57]

Messer filed a Complaint with this Court on October 15, 2019, seeking review of the SSA redetermination proceedings' denial of his benefits claims. [Record No. 1] Specifically, he alleges seven counts for relief which are grouped as follows: violation of the Due Process Clause of the Fifth Amendment to the Constitution (Count I); violation of the Administrative Procedure Act ("APA") (5 U.S.C. §§ 554(d), 556(d)-(e) and 706(2)(a)) (Counts II, III, and IV); the Commissioner's decision is not supported by substantial evidence (Count V); violation of the Appointments Clause of the United States Constitution (Article II, section 2, clause 2) (Count VI); and improper reliance on informal guidance in contravention of the Attorney

---

[1] Daugherty was subsequently convicted for his role in Conn's scheme. *See United States v. Daugherty*, 5: 17-cr-066, Record No. 15.

General's November 16, 2017 Memorandum regarding "Prohibition on Improper Guidance Documents," the Associate Attorney General's January 25, 2018 Memorandum regarding "Limiting Use of Agency Guidance Documents in Affirmative Civil Enforcement Cases," and the rulemaking requirement of 42 U.S.C. § 405(a) (Count VII). The Commissioner moved to dismiss the Complaint as untimely on February 21, 2020. [Record No. 12] The matter is now ripe for review.[2]

## II.

The parties have submitted exhibits to their briefs on the pending motion, but the Court will nonetheless construe the motion as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). "Assessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (citing *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir.2010)). "However, a court may consider . . . 'exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein,' without converting the motion to one for summary judgment." *Id.* at 680-81 (quoting *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). Further, "[a]ffidavits may be considered so long as 'they add nothing new, but, in effect, reiterate the contents of the complaint itself.'" *Evridge v. Rice*, No. 3: 11-40-DCR,

---

[2] The dates of the various events described are obtained from filings in this case, filings in the prior putative class actions at issue, and the official SSA documents attached to the Commissioner's motion to dismiss. As the Commissioner notes, the plaintiff's response to the pending motion provides *incorrect* dates for a number of events pertinent to the present statute of limitations analysis, including the date of the Appeals Council's final denial of review (Messer's date: April 5, 2016; actual date: July 13, 2016) and the date the plaintiff filed suit in this Court (Messer's date: September 4, 2019; actual date: October 15, 2019). [*See* Record Nos. 17, pp. 8-9 and 18, p. 1 n. 1.]

2011 WL 6014407, at *2 (E.D. Ky. Dec. 2, 2011) (quoting *Yeary v. Goodwill Indus.-Knoxville*, 107 F.3d 443, 445 (6th Cir.1997)).

The documents attached to the Commissioner's motion include the ALJ and Appeals Council records of the SSA's initial and redetermination proceedings that form the basis of the Complaint. [Record No. 12-2] They are referred to in the Complaint and are central to Messer's claims. [*See* Record No. 1] The plaintiff has provided an affidavit attached to his response to the pending motion attesting to the actions of the SSA as stated in the Complaint. [Record No. 17-1] Messer also states that he believed he was "part of this class action" and believed that he could file suit after the resolution of the class action. [*Id.*] This essentially reiterates the claim in the Complaint that the limitations period for filing the present action was tolled during the pendency of putative class actions and adds nothing new. [Record No. 1, p. 3 n. 1] Accordingly, it is appropriate to construe the motion as a Rule 12(b)(6) motion to dismiss rather than converting it to a Rule 56 motion for summary judgment. *See Rondigo, L.L.C.*, 641 F.3d at 680-81; *Evridge*, 2011 WL 6014407, at *2.

A pleading that states a claim must include, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" and survive a Rule 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility" that a party is entitled to relief based on the facts it has pleaded. *Id.*

**III.**

The parties do not contest that, absent tolling, Messer's individual claims would not be timely under the statutory and regulatory framework providing for judicial review of SSA decisions. Judicial review of disability and disability benefits claims under Titles II and XVI of the Social Security Act are governed by 42 U.S.C. § 405(g). 42 U.S.C. § 405(g) (providing for judicial review of Title II claims); 42 U.S.C. § 1383(c)(3) (adopting § 405(g)'s provisions for judicial review of Title XVI claims).

Section 405(g) provides, *inter alia*:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

Section 405(g)'s sixty-day statute of limitations is a limited waiver of sovereign immunity and must be strictly construed. *Bowen v. City of New York*, 476 U.S. 467, 478-49 (1986) (citations omitted). However, the sixty-day period to file a claim under § 405(g) begins when the Appeals Council's notice denying review of an ALJ determination is received by a claimant, and the date of receipt is presumed to be five days after the date of the notice absent "a reasonable showing to the contrary." *Cook v. Commissioner*, 480 F.3d 432, 436 (6th Cir. 2007); *see also* 20 C.F.R. §§ 404.901, 416.1401, 422.210(c).

The last Appeals Council notice regarding its denial of review in this case is dated July 13, 2016. There is no information in the record that would rebut the presumption of receipt five days later (that is, on July 18, 2016). Therefore, Messer's claims came ripe for district

court filing on July 18, 2016, and he would have had until September 16, 2016, to institute the present lawsuit. Messer filed suit on October 15, 2019, and his claims are subject to dismissal uless the limitations period was tolled and he filed within the applicable window after tolling ended. *See Cook*, 480 F.3d at 437-38.

**IV.**

Messer contends that prior Conn-related putative class actions tolled his limitations period under *American Pipe* and *Crown, Cork & Seal*. In *American Pipe* the Supreme Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." 414 U.S. at 554. The Court later found in *Crown, Cork & Seal* that this rule broadly applies to all putative class members and held that "[o]nce the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied." 462 U.S. at 350, 354.

Messer argues that four putative class actions tolled his limitations period under the holdings of *American Pipe* and *Crown, Cork & Seal*. The first is *Martin v. Commissioner*, 7: 15-cv-046 (E.D. Ky. 2015). The *Martin* plaintiffs asserted class claims in this Court on May 30, 2015, for declaratory and injunctive relief regarding the SSA's redetermination process in Conn-related cases, alleging that this process violated the Social Security Act, the Due Process Clause, and the Equal Protection Clause. *Id.* at Record No. 1; *see also id.* at Record No. 11 (Amended Complaint) (asserting the same claims). That case was dismissed on November 16, 2015, because, *inter alia*, the plaintiffs had not exhausted their administrative remedies as required by § 405(g). *Id.* at Record No. 33. The United States Court of Appeals for the Sixth Circuit vacated the judgment and dismissed the appeal as moot on January 16, 2018, because

the named plaintiffs had subsequently exhausted their administrative remedies. *Martin*, No. 16-5527, Record No. 45-1 (6th Cir. Jan. 16, 2018). However, this Court dismissed the case on remand for the same reason on April 12, 2018. *Martin*, 7: 15-cv-046, Record No. 50. Messer argues that, while his claim was not ripe for judicial review until after the case was initially dismissed in November 2015, *Martin* tolled his limitations period until it was dismissed for a second time in April 2018 because the Sixth Circuit's order vacating the initial dismissal order retroactively revived the class action nature of the suit and continued to toll putative class members' individual claims. [Record No. 17, pp. 10-11 (citing *Hall v. Variable Annuity Life Insurance Co.*, 727 F.3d 372, 376 n.8 (5th Cir. 2013); *Deposit Guarantee National Bank, Jackson, Mississippi v. Roper*, 445 U.S. 326, 330 n.3 (1980)).]

Messer also contends that two related putative class actions in the United States District Court for the Southern District of West Virginia tolled his limitations period. In *Robertson v. Colvin* ("*Robertson I*") , Civil Action No. 3:16-cv-2113 (S.D. W. Va. 2016), the named plaintiffs asserted class action claims for declaratory relief on March 4, 2016, on the grounds that the SSA redetermination process violated the Social Security Act, the Due Process Clause, and the APA. Record No. 1; *see also Robertson I*, 2016 WL 5853725, at *1 (S.D. W. Va. Oct. 5, 2016). These claims were dismissed by the district court on October 5, 2016 (after they had begun to toll Messer's limitations period when it came ripe on September 16, 2016) because the named plaintiffs had failed to exhaust administrative remedies. *Robertson I*, 2016 WL 5853725, at *1.

Two of the named plaintiffs, Rose and Collins, appealed, and the United States Court of Appeals for the Fourth Circuit vacated the dismissal on August 3, 2017, remanding the case with a direction that the district court dismiss it because, as was the case in *Martin*, the

declaratory relief claims were mooted because the named plaintiffs had since exhausted administrative remedies. *Rose v. Berryhill*, 694 F. App'x 190 (4th Cir. 2017). But the district court again dismissed the case as to Rose and Collins on August 7, 2017. *Robertson I*, No. 3:16-cv-2113, Record No. 61.

Messer offers contradictory arguments regarding the effect of *Robertson I* on his claims. At one point, he argues that *Robertson I*, like *Martin*, tolled his limitations period until the district court dismissed the action for a second time in August 2017 after the Fourth Circuit remanded the case. [Record No. 17, p. 10] However, he also states that the period of *American Pipe* tolling ended when the district court initially dismissed the case on October 5, 2016, and that tolling began again on October 18, 2016, when Robertson, the third named plaintiff of *Robertson I*, amended a complaint in a separate lawsuit, *Robertson v. Colvin*, No. 3: 16-cv-3846, Record No. 16 (S.D. W. Va. 2016) ("*Robertson II*"), to include class claims. [Record No. 17, p. 8] Messer argues that *Robertson II* continued to toll his limitations period until Robertson amended his complaint for a second time on January 27, 2017, to drop the class claims. [*Id.*]

Messer then contends that a final putative class action in this district, *Hughes v. Commissioner*, Civil Action No. 5: 16-cv-352 (E.D. Ky. 2016), also began to toll his limitations period before *Robertson II's* tolling period ended on January 27, 2017. [Record No. 17, pp. 8-9] The named plaintiffs in *Hughes* amended their complaint on November 2, 2016, to add three class claims for violation of the Due Process Clause and the APA. *Hughes*, 5: 16-cv-352, Record No. 17. United States District Judge (and now Circuit Judge) Amul Thapar denied the plaintiffs' motion to certify the class without prejudice on February 21, 2017, and stayed the case pending the outcome of similar individual Conn-related

redetermination case appeals, consolidated in *Hicks v. Commissioner*, 909 F.3d 786 (6th Cir. 2018). *Hughes*, 2017 WL 3000035, at *2 (E.D. Ky. Feb. 21, 2017). Messer argues that this order did not end *American Pipe* tolling, as the denial without prejudice and stay pending the outcome of *Hicks* did not "definitively rule" on the class certification issue. [Record No. 17, pp. 9-10 (citing *In re Vertrue Inc. Marketing and Sales Practices Litig.*, 719 F.3d 474, 479-80 (6th Cir. 2013)).] Instead, he contends *American Pipe* tolling finally ended when Senior United States District Judge Henry Wilhoit resolved the *Hughes* case on August 13, 2019, after the *Hicks* decision. [*Id.* at pp. 10-11] This, in Messer's estimation, makes his complaint timely.

V.

Messer's *American Pipe* tolling arguments are without merit. All four prior putative class actions had the potential to toll the limitations period for some of his claims, but any tolling that occurred ended on February 21, 2017, long before Messer filed this action. This Court recently addressed similar *American Pipe* tolling arguments in *Potter v. Commissioner*, No. 7: 19-cv-072-DCR, 2020 WL 1666826, at *1 (E.D. Ky. Apr. 3, 2020). The plaintiff in *Potter* contended that under *Vertrue*, the pendency of the putative class action claims in *Hughes* tolled her limitations period until Judge Wilhoit resolved the case in August 2019 even though Judge Thapar denied class certification in February 2017. *Id.* at *4. The Court rejected this argument, concluding that another Sixth Circuit case, *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988), provides the relevant precedent that any denial of class certification ends the *American Pipe* tolling period for a plaintiff who seeks to bring individual claims that were asserted in a prior putative class action. *Id.* at *4-5.

Messer does not discuss *Andrews*, but as the Commissioner indicates, it is relevant to this case. [Record No. 18, p. 6] In *Andrews*, the Sixth Circuit disagreed with the plaintiffs'

argument that their individual claims continued to be tolled after a district court denied class certification in a prior putative class action. *Andrews*, 851 F.2d at 149-50. The court held that the denial of class certification ended the *American Pipe* tolling period, and the prior class action's plaintiffs' notice of intent to file a second motion for class certification did not alter this conclusion. *Id.* The court continued, finding that:

> It is the filing of a class action and the pendency of a motion to certify that suspend the running of a limitations period for putative class members, and the period for filing begins to run anew when class certification is denied. Nothing less will suffice to maintain the period of suspension.

*Id.* at 150.

Relatedly, circuit courts have addressed the effect of other procedural postures on *American Pipe* tolling periods for individual claims. The United States Court of Appeals for the Seventh Circuit has found that voluntary dismissal of the class component of a prior lawsuit ends *American Pipe* tolling and restarts individual claims' limitations clocks. *Glidden v. Chromalloy American Corp.*, 808 F.2d 621, 627 (7th Cir. 1986). Additionally, the United States Courts of Appeals for the Second, Fifth, Seventh, and Eleventh Circuits have indicated that the appeal of a prior putative class action generally does not continue to toll individual claims' limitations periods after class certification has been denied or the case has been dismissed. *Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 117 (2d Cir. 2013) ("If the Court had contemplated that tolling continued through the pendency of reconsideration or through appeal, there would be no need for class members to take action to protect their rights as the Court in *Crown, Cork* explained. Thus, once Giovanniello's attempt to secure class status failed, the statute of limitations began to run again."); *Hall*, 727 F.3d at 376 ("Accordingly, the unsuccessful appeal of either a decertification or a denial of certification does not extend

the tolling period." (citation omitted)); *In re Copper Antitrust Litig.*, 436 F.3d 782, 793 (7th Cir. 2006) (holding that the *American Pipe* tolling period did not extend through the appeals process after the prior class action was dismissed); *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1382 (11th Cir. 1998) ("The [*American Pipe*] Court . . . clearly assumed that tolling should end when the district court denies class certification, not after the appeals process has run and some later final order is entered." (internal citation omitted)).

A relatively straightforward general rule emerges from *Andrews* and these other cases: when a prior putative class actions' claims are dismissed or certification is denied, the *American Pipe* tolling period for related individual claims ends. The exact reason the prior lawsuit loses its class action status does not matter – denial of class certification (with or without prejudice), voluntary dismissal of class claims, amendment of the complaint to drop class claims, or a judgment dismissing the class claims all end *American Pipe* tolling. And the potential of an appeal generally has no effect on the tolling period. With this rule in mind, the Court turns to Messer's arguments regarding tolling from the four Conn-related putative class actions.

*Martin* did not toll Messer's limitations period. *Martin's* class claims were asserted on May 30, 2015. *Martin* was dismissed on November 16, 2015. Messer's claims came ripe for judicial review on July 18, 2016, five days after the Appeals Council's final decision on the redetermination proceedings. Therefore, *Martin* did not toll his limitations period.

Messer argues that the *Martin* appeal prolonged *American Pipe* tolling of putative class members until the case was remanded after appeal and dismissed for a second time by the Court in April 2018. He relies on the Fifth Circuit decision in *Hall* for this proposition. [Record No. 17, p. 10] But while it is true that the Fifth Circuit stated that "putative class

members can claim the benefit of uninterrupted tolling from the original class action filing date" after a *successful* appeal, it also found that unsuccessful appeals do not retroactively revive *American Pipe* tolling. *Hall*, 727 F.3d at 376, 376 n. 8 (citations omitted). Messer alleges that the Sixth Circuit's order vacating the initial November 2015 judgment allows him to benefit from tolling until the case was subsequently dismissed on remand in April 2018. This argument fails because the *Martin* appeal was unsuccessful. The Sixth Circuit vacated the initial judgment because the claims for the declaratory relief were moot after the named plaintiffs had exhausted their administrative remedies. Therefore, the *Martin* appeal did not toll Messer's claims under *American Pipe*.

*Robertson I* likely tolled some of Messer's claims for a brief time in 2016. *Robertson I's* class claims were filed on March 4, 2016. Messer's claims came ripe for judicial review on July 18, 2016. *Robertson I* was dismissed by the district court on October 5, 2016. The Fourth Circuit's subsequent order vacating the October 5 judgment did not prolong the *Robertson I's* tolling period because, as in *Martin*, the appeal was unsuccessful due to mootness and the case was remanded with a direction that district court dismiss it again. Thus, Messer's claims regarding violation of the Due Process Clause and the APA (Counts I-IV of the complaint) were likely tolled until October 5, 2016.

Additionally, Messer's claims that the SSA redetermination decision was unsupported by substantial evidence (Count V), violated the Appointments Clause (Count VI), and improperly relied on informal guidance (Count VII) were not tolled because they did not relate to the claims asserted in *Robertson I*. *See Potter*, 2020 WL 1666826, at *6 (citing *Crown, Cork & Seal*, 462 U.S. at 354 (Powell, J. concurring) ("The [*American Pipe*] rule should not be read, however, as leaving a plaintiff free to raise different or peripheral claims following

denial of class status."); *In re Vertrue Inc. Marketing and Sales Practices Litig.*, 712 F. Supp. 2d 703, 718-19 (N.D. Ohio 2010)). Therefore, only Messer's first four claims likely benefited from *Robertson I's* tolling.[3] Because Counts V-VII did not benefit from *Robertson I's* pendency, the limitations period for these claims was never tolled and expired on September 16, 2016.

Thirteen days elapsed between the dismissal of *Robertson I* (October 5, 2016), and the addition of related class claims to *Robertson II* (October 18, 2016). Assuming Messer can benefit from the tolling periods of multiple prior putative class actions,[4] the limitations period

---

[3] The Court concludes that Counts I-IV likely benefitted from tolling because they are sufficiently related to the claims asserted in *Robertson I* but notes that it is arguable that no tolling occurred because they are not the exact claims raised in the prior putative class action. *Robertson I*, like *Martin*, involved claims for declaratory relief. Messer does not seek declaratory relief, but instead requests that the Court set aside the final redetermination decision and reinstate his benefits.

[4] The Commissioner argues that the Supreme Court's recent decision in *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800 (2018), prohibits Messer from "stacking" multiple prior putative class actions to continually toll his limitations period. [Record No. 18, pp. 13-14] *China Agritech* involved a class representative who attempted to bring a class action and benefit from the *American Pipe* tolling periods of two prior class actions on the same issues. 138 S. Ct. at 1804-05. The Supreme Court rejected this argument and held that "*American Pipe* tolls the statute of limitations during the pendency of a putative class action, allowing unnamed class members to join the action individually or file individual claims if the class fails. But *American Pipe* does not permit the maintenance of a follow-on class action past expiration of the statute of limitations." *Id.* at 1804. Messer's case differs from the facts underlying *China Agritech* because he argues that his *individual claims*, rather than class claims, should benefit from the stacked tolling periods of prior class actions. And the *China Agritech* decision was grounded in this distinction between individual and class claims. *Id.* at 1806-09. The Sixth Circuit has not yet discussed *China Agritech* in any capacity, and no other circuit has addressed facts similar to those of this case. Thus, while it is possible to read *China Agritech* to bar the stacking of *American Pipe* tolling periods under any circumstances, the Court gives Messer the benefit of the doubt on this issue. Ultimately, his Complaint is untimely regardless of whether he may stack tolling periods.

on Counts I-IV of the Complaint was tolled again by *Robertson II* until the class claims were dropped in an amended complaint filed on January 27, 2017.

By that date, *Hughes'* class claims were pending, and tolling would have continued. However, as the Commissioner argues, any tolling from *Hughes* ended on February 21, 2017, the date Judge Thapar denied certification and stayed the case pending the outcome of *Hicks*. [Record No. 18, p. 9] Messer believes that the Sixth Circuit opinion in *Vertrue* indicates that tolling continued after Judge Thapar's February 2017 order because the denial of certification without prejudice did not "definitively rule" on class certification. [Record No. 17, pp. 9-10] But as *Potter* makes clear, *Andrews* compels the conclusion that a denial of class certification without prejudice ends *American Pipe* tolling even if there is a chance that the class may be certified in the future. *Potter*, 2020 WL 1666826, at *4-5 (citing *Andrews*, 851 F.2d at 149-50). Therefore, tolling for Counts I-IV ended on February 21, 2017, at the latest.

Messer's limitations period clock for Counts I-IV began to run again when Judge Thapar denied class certification in February 2017. However, he did not file this action until October 2019. Thus, all of his claims are untimely, and his Complaint must be dismissed absent equitable tolling. *See Cook*, 480 F.3d at 437-38.

## VI.

The Court finds no justification for equitable tolling in this case. General equitable tolling principles may apply to toll the § 405(g) limitations period. *Cook*, 480 F.3d at 437 (citing *Bowen*, 476 U.S. at 480 (1986)). Plaintiffs bear the burden of establishing that equitable tolling applies in the social security context. *Kellum v. Commissioner*, 295 F. App'x 47, 49 (6th Cir. 2008) (citations omitted). They "must demonstrate 'that exceptional, or extraordinary circumstances warrant equitable tolling.'" *Potter*, 2020 WL 1666826, at *6 (quoting *Miller v.*

*Commissioner*, No. 5:18-cv-381-CHB, 2019 WL 6053011, at *3 (E.D. Ky. Nov. 15, 2019). Messer only directly addresses *American Pipe* tolling and does not explicitly argue that his limitations period should be equitably tolled for another reason. Therefore, he has not carried his burden.

As the Commissioner notes [Record No. 18, p. 14 n. 8], Messer's affidavit attached to his response to the pending motion includes the following statement: "I believed that I was part of this class action until the people in it got their benefits back. In 2019, class representatives got their benefits back, it was my understanding that people like me could file individual cases in federal court." [Record No. 17-1] The Court rejects this argument to the extent the statement contends that the § 405(g) limitations period should be equitably tolled until the conclusion of *Hughes* in August 2019. Such an argument would essentially assert that Messer mistakenly relied on *American Pipe* tolling and this reliance justifies equitable tolling. But "[i]t is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) (citations omitted). Thus, mistaken reliance on *American Pipe* tolling does not warrant equitable tolling here.

### VII.

Messer's Complaint is untimely. Counts V-VII were not tolled by *Martin* or *Robertson I*, and the limitations period for filing such claims expired on September 16, 2016, or sixty-five days following the Appeals Council's final decision. To the extent the period to file Counts I-IV was tolled by *Robertson I, Robertson II,* and *Hughes*, the *American Pipe* tolling periods ended in February 2017, well before Messer filed suit in October 2019. Messer has not demonstrated that the § 405(g) limitations period should be equitably tolled. And because

all of his claims are untimely, the plaintiff cannot plausibly seek relief on the grounds alleged in the Complaint. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Commissioner Andrew Saul's motion to dismiss for failure to state a claim [Record No. 12] is **GRANTED**.

2. Plaintiff Johnny Messer's Complaint is **DISMISSED** with prejudice. All claims having been resolved, this action is **DISMISSED** and **STRICKEN** from the docket.

Dated: April 13, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky